UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                     :

UNITED STATES OF AMERICA

                     :   CONSENT PRELIMINARY ORDER

      - v. -            OF FORFEITURE/

                     :   MONEY JUDGMENT

JAMAL NEWKIRK,
   a/k/a "HOOD,"          :   19 Cr. 268 (VB)


             Defendant.   :

- - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 16, 2019, JAMAL NEWKIRK, a/k/a "HOOD," (the "defendant"), was charged in an one-count Indictment, 19 Cr. 268 (VB) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense, charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:_____
DATE FILED: 11/21/19

WHEREAS, on or about June 10, 2019, the defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $2,800 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Lindsey Keenan, of counsel, and the defendant, and his counsel, Howard E. Tanner, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $2,800 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the

defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, JAMAL NEWKIRK, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.


(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

9.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York


By: _____     11/21/2019
    LINDSEY KEENAN                        DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (914) 993-1907


JAMAL NEWKIRK


By: _____     11-21-19
    JAMAL NEWKIRK                         DATE


By: _____     11/21/19
    HOWARD E. TANNER, ESQ.                DATE
    Attorney for Defendant
    175 Main Street, Suite 800
    White Plains, NY 10601

SO ORDERED:

_____          11/21/19
HONORABLE VINCENT L. BRICETTI             DATE
UNITED STATES DISTRICT JUDGE